## Case No. 16,232.

UNITED STATES v. SCHOYER.

[2 Blatchf. 59.] [1]

Circuit Court, S. D. New York. Nov. 12, 1847.

### OFFENSES UNDER REVENUE LAWS — FORGERY OF SUPERVISOR'S CERTIFICATE—INDICTMENT.

1. An indictment for forgery under section 19 of the act of March 3, 1825 (4 Stat. 120), in altering a certificate issued under section 41 of the act of March 2, 1799 (1 Stat. 659), alleging that the certificate was issued by the collector ex officio, is bad on demurrer.

2. By the act of 1799, the certificate was to be issued by the supervisor of the revenue, and the indictment ought to allege that the collector was designated by the president to fulfil the duties of supervisor, under the act of March 3, 1803 (2 Stat. 243), and that the certificate was granted by the collector in that capacity.

Indictment [against Raphael Schoyer] for forgery. The 41st section of the revenue act of March 2, 1799 (1 Stat. 659), provides that, in addition to a general certificate to be given to an importer of spirits, wines or teas, the surveyor or chief officer of inspection shall give to him a particular certificate, which shall accompany each cask, chest, &c., wherever the same may be sent within the limits of the United States, as evidence that the same was lawfully imported, and gives the form of such certificate. The 42d section of the same act (Id. 660) provides, that "the supervisors of the several districts shall provide blank certificates, under such checks and devices as shall be prescribed by the proper officers of the treasury, and shall number, sign and deliver the same to the officers who may perform the duties of inspectors of the revenue for the several ports in their respective districts; which blank certificates shall be filled up and countersigned by the inspectors of the revenue aforesaid, who shall be accountable therefor to the supervisors; and the said inspectors shall make regular and exact entries of all certificates which shall be granted as aforesaid, as particularly as therein described." The 44th section of the same act (Id. 660) provides, that every person who shall obliterate, counterfeit, alter or deface any of such certificates, shall, for each and every such offence, forfeit and pay one hundred dollars, with costs of suit. By the act of March 3, 1803 (2 Stat. 243), it is provided,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

that the president may attach the duties of the office of supervisor, in any district, to any other officer of the government of the United States within such district. By the 19th section of the act of March 3, 1825 (4 Stat. 120), it is provided, that any person who shall falsely make, forge or counterfeit, or shall falsely alter, any instrument in imitation of or purporting to be a permit, debenture or other official document, granted by any collector or other officer of the customs by virtue of his office, or shall knowingly pass or attempt to pass as true any such counterfeited instrument or any such falsely altered certificate, with intent to defraud, shall be deemed guilty of felony. The defendant was indicted, under the act of 1825, for forgery, in altering a particular certificate issued under the act of 1799. The indictment alleged the certificate in question to have been issued by the collector of the port of New York, by virtue of his office. The defendant demurred to the indictment.

Francis F. Marbury, for the United States.
James R. Whiting, for defendant.

BETTS, District Judge. The instrument charged to have been forged was one which the supervisor of the revenue was authorized to issue by the act of 1799. The act of 1803 authorized the president to designate any other officer to fulfil the duties of supervisor. The indictment alleges that the collector issued the certificate ex officio. But no act of congress is shown, making him, as collector, supervisor also. If, from the fact of the collector's acting in the capacity of supervisor, it is to be presumed that he was designated, under the act of 1803, to perform the duties of that office, the indictment is still bad, in averring that he issued the certificate ex officio. It should have averred his substitution in place of the supervisor, and the granting of the certificate by him in that capacity.

Judgment for the defendant.